JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cassandra Johnson

**DEFENDANTS**
National Park Service-Depart of The Interior, United States of America & City of Philadelphia

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Frank Bizzari, III, Esquire c/o Clearfield & Kofsky
1617 JFK Boulevard, Suite 355, Phila, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                          | PTF | DEF |                                                              | PTF | DEF |
|------------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State  | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                               | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | [x] 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
1331

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

**DATE**
3/27/24

**SIGNATURE OF ATTORNEY OF RECORD**
*Frank Bizzari, III*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

05/2023

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1221 Race Street, Philadelphia, PA 19107

Address of Defendant: 143 S. Third Street, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: 501 Chestnut Street, Philadelphia, PA

**RELATED CASE IF ANY:**
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes ☐  No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____  *Frank Bizzari, JJJ*  317797
Attorney-at-Law *(Must sign above)*  Attorney I.D. # *(if applicable)*

---

**Civil (Place a √ in one category only)**

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*: _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☑ 6. Other Personal Injury *(Please specify)*: _____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
Attorney-at-Law *(Sign here if applicable)*  Attorney ID # *(if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| CASSANDRA JOHNSON <br> _____ <br> *Plaintiff(s)* <br> v. <br> NATIONAL PARTK SERVICE-DEPARTMENT OF THE INTERIOR, UNITED STATE OF AMERICA, & CITY OF PHILADELPHIA <br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) )    Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* National Park Service-Department of the Interior
143 S. Third Street
Philadelphia, PA 19106

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
for the

CASSANDRA JOHNSON

*Plaintiff(s)*

v.

Civil Action No.

NATIONAL PARTK SERVICE-DEPARTMENT OF THE INTERIOR, UNITED STATE OF AMERICA, & CITY OF PHILADELPHIA

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* United States of American
1849 "C" Street-NW-Room 2444
Washington, DC 20240

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                              *Server's signature*

                                         _____
                                              *Printed name and title*


                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| CASSANDRA JOHNSON <br> *Plaintiff(s)* <br> v. <br> NATIONAL PARTK SERVICE-DEPARTMENT OF THE INTERIOR, UNITED STATE OF AMERICA, & CITY OF PHILADELPHIA <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA 19103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____
_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA JOHNSON : | |
| 1221 Race Street : | |
| Philadelphia, PA 19107 : | |
| v. : | |
| : | |
| NATIONAL PARK SERVICE- : | NO |
| DEPARTMENT OF THE INTERIOR : | |
| 143 S. Third Street : | |
| Philadelphia, PA 19106 : | |
| And : | |
| UNITED STATES OF AMERICA : | |
| 1849 "C" Street NW-Room 2444 : | |
| Washington, DC 20240 : | |
| and : | |
| CITY OF PHILADELPHIA : | |
| 1515 Arch Street, 14th floor : | |
| Philadelphia, PA 19102 : | |

## **COMPLAINT**

Plaintiff, Cassandra Johnson, by and through her attorney, Frank Bizzari, III, Esquire, demands judgment against Defendants, National Park Service-Department of the Interior, United States of America and City of Philadelphia, in support thereof, state as follows:

## **AVERMENTS OF JURISDICTION**

1. Plaintiff, Cassandra Johnson, is an adult individual who resides at the above-captioned address.

2. Defendant, National Park Service-Dept of the Interior (hereinafter referred to as NPS), is a Federal Authority and/or governmental entity licensed and authorized to conduct and

transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

3. Defendant, United States of America (hereinafter referred to as USA), is a Federal Authority and/or governmental entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

4. Defendant, City of Philadelphia (hereinafter referred to as "City"), is a first-class municipality within the Commonwealth of Pennsylvania, with an office for service located at the above-captioned address.

5. Plaintiff, brings this civil action claim for money damages against Defendants, NPS, USA and City, pursuant to the Federal Tort Claims Act 28 U.S.C. §2671 for personal injuries caused by the negligent or wrongful act of omission of employees of the Government while acting within the scope of their office or employment.

6. As described his is an action arising under 28 U.S.C. §1331 entitled "Federal Question."

7. On November 27, 2023, defendant National Park Service-Department of the Interior denied Plaintiff's claim.

## GENERAL AVERMENTS

8. Plaintiff, Cassandra Johnson, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 7 inclusive, as if set forth at length herein.

9. At all times material hereto, Defendants did own and/or operate and/or manage and/or control and/or possess the property including the sidewalk located at or near 501 Chestnut Street, Philadelphia, Pennsylvania.

10. On or about July 28, 2021, and for some time prior thereto, Defendants, acting by and through their agents, servants, workmen and/or employees, acting as aforesaid carelessly and negligently allowed a cracked and/or uneven and/or unlevel portion of the sidewalk to remain at the aforesaid location, for an unreasonable period of time.

11. On or about July 28, 2021, Plaintiff, Cassandra Johnson, while an invitee at the aforesaid location did sustain injury by reason of coming in contact with the aforementioned dangerous conditions at the aforesaid location, causing Plaintiff the injuries that form the basis for this action.

12. The aforesaid accident was due solely to the negligence and carelessness of the Defendant, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

13. The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendants, which consisted, inter alia, of the following:

   (a) allowing and/or causing a dangerous and defective condition to exist of the sidewalk, of which Defendants knew or should have known by the exercise of reasonable care;

   (b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

   (c) failing to inspect the sidewalk at reasonable intervals to determine the condition thereof;

   (d) Defendants knew, or should have known, of the existence of said dangerous condition;

(e) failing to give warning or notice of the specific defective condition on the sidewalk;

(f) failing to hire and/or supervise competent contractors and/or sub-contractors to maintain, repair and/or replace the sidewalk;

(g) failing to properly maintain, repair and/or replace the sidewalk in question;

(h) failing to provide plaintiff with a safe and adequate passageway on a known public thoroughfare;

(i) failing to properly and/or efficiently repair the sidewalk in question;

(j) failing to place caution signs or other warning mechanisms to warn of a potential hazard; and

(k) failing to warn pedestrians of the defect.

## COUNT I
## PLAINTIFF, CASSANDRA JOHNSON v. DEFENDANT, NPS, ONLY

14. Plaintiff, Cassandra Johnson, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 12, inclusive, as if set forth at length herein.

15. As a sole and direct result of the aforesaid negligence of the Defendant, Plaintiff, Cassandra Johnson, suffered severe, diverse and permanent injuries, including but not limited to: closed head injury, multiple facial abrasions and contusions resulting in skin discoloration and permanent scarring, back injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

16. As a further result of this accident, Plaintiff, Cassandra Johnson, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

17. As a further result of this accident, Plaintiff, Cassandra Johnson, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

18. As a further result of this accident, Cassandra Johnson, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

19. As a direct and reasonable result of the aforementioned accident, Plaintiff, Cassandra Johnson, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

20. As a further result of the aforementioned accident, Plaintiff, Cassandra Johnson, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Cassandra Johnson, demands judgment against the Defendants, jointly and severally, for compensatory damages commensurate with her losses.

## COUNT II
## PLAINTIFF, CASSANDRA JOHNSON v. DEFENDANT, USA ONLY

21. Plaintiff, Cassandra Johnson, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 20, inclusive, as if set forth at length herein.

22. As a sole and direct result of the aforesaid negligence of the Defendant, Plaintiff, Cassandra Johnson, suffered severe, diverse and permanent injuries, including but not limited to: closed head injury, multiple facial abrasions and contusions resulting in skin discoloration and permanent scarring, back injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

23. As a further result of this accident, Plaintiff, Cassandra Johnson , has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

24. As a further result of this accident, Plaintiff, Cassandra Johnson, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

25. As a further result of this accident, Cassandra Johnson, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

26. As a direct and reasonable result of the aforementioned accident, Plaintiff, Cassandra Johnson, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

27. As a further result of the aforementioned accident, Plaintiff, Cassandra Johnson, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Cassandra Johnson, demands judgment against the Defendants, jointly and severally, for compensatory damages commensurate with her losses.

## COUNT III
## PLAINTIFF, CASSANDRA JOHNSON v. DEFENDANT, CITY

28.   Plaintiff, Cassandra Johnson, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 27, inclusive, as if set forth at length herein.

29.   The negligence and carelessness of the Defendant, City, acting as aforesaid, consisted of the following:

(a)   allowing and/or causing a dangerous and defective condition to exist of the sidewalk, of which Defendants knew or should have known by the exercise of reasonable care;

(b)   said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)   failing to inspect the sidewalk at reasonable intervals to determine the condition thereof;

(d)   Defendants knew, or should have known, of the existence of said dangerous condition;

(e)   failing to give warning or notice of the specific defective condition on the sidewalk;

(f)   failing to hire and/or supervise competent contractors and/or sub-contractors to maintain, repair and/or replace the sidewalk;

(g) failing to properly maintain, repair and/or replace the sidewalk in question;

(h) failing to provide plaintiff with a safe and adequate passageway on a known public thoroughfare;

(i) failing to properly and/or efficiently repair the sidewalk in question;

(j) failing to place caution signs or other warning mechanisms to warn of a potential hazard;

(k) failing to warn pedestrians of the defect; and

(l) violating 42 Pa. C.S.A. §8542(b)(5) of the Pennsylvania Statutes.

30. Plaintiff, Cassandra Johnson, as a direct and proximate result of the wrongful and negligent conduct of the defendant, suffered the following injuries, which have resulted in the permanent loss of a bodily function, including but not limited to: closed head injury, multiple facial abrasions and contusions resulting in skin discoloration and permanent scarring, back injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

31. As a further result of this accident, Plaintiff, Cassandra Johnson, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses for the injuries she has suffered, the cost or reasonable value of which is, or according to the advice of Plaintiff's treating physician may be, in excess of $1,500.00, and may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

32. As a further result of this accident, Plaintiff, Cassandra Johnson, has suffered medically determinable physical and/or mental impairment that prevents the plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

33. As a direct and reasonable result of the aforementioned accident, Plaintiff, Cassandra Johnson, has or may hereafter incur other financial expenses that do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

34. As a further result of the aforementioned accident, Plaintiff, Cassandra Johnson, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Cassandra Johnson, demands judgment against the Defendants, jointly and severally, for compensatory damages commensurate with her losses.

**CLEARFIELD & KOFSKY**

*/s/ Frank Bizzari, III*

BY: _____
**FRANK BIZZARI, III, ESQUIRE**
*Attorney for Plaintiff, Cassandra Johnson*